<span style="color:red">**APPROVED**</span>

# Lincoln Planning Board
## Public Hearing & Meeting
### Wednesday, December 9, 2020 – 6:00 PM
### Lincoln Town Hall - 148 Main Street, Lincoln NH 03251

> Due to the current COVID-19 situation, and to recent staff exposures to COVID-19, the Town Office is closed to the public. This meeting will be available only via the Zoom Meeting Platform to allow for town wide participation. **The public is encouraged to participate remotely using ZOOM by going to:**
> **Join ZOOM Meeting.**
> **Link:**
> https://us02web.zoom.us/j/83374420624?pwd=Y05HQndSbFRLTDJFZERHVjlMS1ljQT09
> **Meeting ID: 833 7442 0624**
> **Passcode: 576477** or via telephone (1-929- 205-6099).
> (See also town website www.lincolnnh.org for the same link, meeting ID and passcode.)

**Present:** Chair Jim Spanos, Vice Chairman Joseph Chenard, Board of Selectmen's Representative O.J. Robinson, Steve Noseworthy, and Alternate Paul Beaudin. Alternate Board of Selectmen's Representative Tamra Ham. (All attendees were present via ZOOM.)

**Members Excused:** Mark Ehrman

**Members Absent:** None

**Staff Present:** Fire Chief & Code Enforcement Officer/Health Officer Ronald R. (Ron) Beard, Finance/Planning Assistant Lisa Peluso, Town Planner Carole Bont, and Town Manager Alfred Burbank (via ZOOM).

**Town Consultants:**

- **Town Engineer Raymond H. Korber P. E.**, KV Partners LLC, PO Box 7721, Gilford, NH 03249-7721 (via ZOOM)
- **Town Attorney Peter Malia,** Hastings Malia Law Office, P.A., 376 Main Street, PO Box 290, Fryeburg, ME 04037-0290 (via ZOOM)
- **Ivan Pagacik**, nonresident, Telecommunications Expert for the Town and President of IDK Communications, 123 Whitcomb Ave., Littleton, MA 01460 (via ZOOM)

**Guests:**

- **Attorney Mark Beaudoin**, Nixon Peabody, LLP, City Hall Plaza, 900 Elm St, Manchester, NH 03101 - Outside Local NH Counsel for Applicant Remedy Medical Properties, LLC, an affiliate of which is the potential fee owner/developer;
- **Peter Cooke**, nonresident, (APPLICANT'S CONSULTANT) President of Wellman Associates, Inc., 117 North Main Street, Wolfeboro, NH, 03894 (via ZOOM)

- **Muffy Copenhaver** applicant representing RIGK Inc., PO Box 611, Lincoln, NH 03251-0611
- **Victor R Drouin**, nonresident (APPLICANT) 702 Riverwood Dr., Pembroke, NH 01949 (a/ka "Victor Back Bay") President, Green Mountain Communications, Inc., 702 Riverwood Drive, Pembroke, NH 03275 (via ZOOM)
- **Richard (Rick) Elliott** applicant/property owner d/b/a Mt. Coolidge Construction, LLC
- **Audra Klumb**, nonresident, (APPLICANT'S CONSULTANT), A&D Klumb Environmental, LLC, 34 Centennial Drive, Webster, NH 03303.
- **Delilah Leggett**, nonresident, (APPLICANT'S CONSULTANT) "Proposal Coordinator" for a "Telecommunications Company" in New Hampshire (no address).
- **Dave Marin**, Executive Vice President, Development for Remedy Medical Properties, Inc., 800 W Madison Street, Suite 400, Chicago, IL 60607;
- **Kevin Mason**, nonresident, (APPLICANT'S CONSULTANT) Senior Project Manager at SAI Communications, Consultant for AT&T New Site Build and FirstNet – New England Area, 12 Industrial Way, Salem, NH 03079 (via ZOOM)
- **Joshua M. McAllister**, PE, CPESC, MBA, nonresident, (APPLICANT'S ENGINEER), Vice President/Senior Civil Engineer, HEB Engineers, Inc., 2605 White Mountain Highway, Post Office Box 440, North Conway, NH 03860
- **Robert Nutter,** President/CEO of Littleton Regional Hospital (which is the proposed main tenant of the new building to be constructed).
- **Attorney Barbara Peloquin** Associate In-House Counsel for Applicant Remedy Medical Properties, LLC, Remedy Medical Properties, Inc., 800 W Madison Street, Suite 400, Chicago, IL 60607;
- **Darrell Philips,** Land Development Manager, Design & Construction, Remedy Medical Properties, Inc., 800 W Madison Street, Suite 400, Chicago, IL 60607;
- **Attorney Jonathan S. Springer**, nonresident, Springer Law Office, 118 Maplewood Ave # C-1, Portsmouth, NH 03801 **(ATTORNEY FOR and AGENT for SITE PLAN REVIEW APPLICANT)** Green Mountain Realty, Inc., Contact: Victor R Drouin, 702 Riverwood Dr., Pembroke, NH 01949 and Applicant Green Mountain Communications, Inc., Victor Drouin, President, 702 Riverwood Drive, Pembroke, NH 03275 (via ZOOM)
- **Matt Tilden**, nonresident, (APPLICANT'S ENGINEER) Telecommunications Engineer, Dewberry Engineering 99 Summer Street, Suite 700, Boston, MA 02110-1200; and
- **Jeff Woodward,** 38 Raven Lane, Franconia, NH 03580-0536, Vice Chair of the Board of Littleton Regional Healthcare.

**I. CALL TO ORDER** by the Chairman of Planning Board (PB); announcement of excused absences, if any, and seating of alternates(s), if necessary.

Alternate Member Paul Beaudin is seated.

## II. MINUTES OF THE PREVIOUS MEETING

**Consideration of the November 24, 2020 meeting minutes** (Chair James Spanos, Vice Chair Joseph Chenard, Selectmen's Representative OJ Robinson, Selectmen's Representative, Member Steve Noseworthy, Member Mark Ehrman, and Alternate Paul Beaudin)

**MOTION: "To approve the minutes of November 24, 2020 as amended."**
**Motion: Paul Beaudin       Second: OJ Robinson            Motion carries.**

## III. CONTINUING AND OTHER BUSINESS (Staff and Planning Board Member/Alternates).

### A. SPR 2020-11 M114 L080 Mt Coolidge Cn LLC - The Pines Detention Ponds

**Site Plan Review Status Update Applicant/Developer/Property Owner requesting a site visit to inspect the rebuilt detention area at the Pines. Applicant signed an escrow agreement.**

| | |
|---|---|
| **Engineer:** | Marc Burnell, P.E., of Horizons Engineering, Inc. |
| | 34 School Street |
| | Littleton, NH 03561 |
| **Applicant/Property Owner:** Construction, LLC | Richard (Rick) Elliott d/b/a Mt. Coolidge |
| | 3 Amalia Drive |
| | Nashua, NH 03063 |
| **Applicant's Representative:** | Michael Shepard, Esq. |
| | The Shepard Law Firm, P.C. |
| | 160 Federal Street |
| | Boston, MA  02110 |

**Re: Application for Site Plan Review Approval**

**Property:** The Pines at Forest Ridge
(Map 114, Lot 080)
Property is located in the Rural Residential (RR) District.

**Project:**

Modification of the Site Plan Review approval for The Pines at Forest Ridge which included ponds associated with Stormwater Management to convert a micro-extended detention basin and infiltration basin (dry pond) into a wet pond near Building 1 on Lincoln Tax Map 114, Lot 080. Mount Coolidge Construction applied for and received (on April 24, 2020) an Alteration of Terrain (AoT) permit from New Hampshire Department of Environmental Services (NHDES)

for the modification of the existing micro-extended detention pond (MP1) and infiltration basin (INF1) to a wet pond. The modifications do not propose any additional impervious area to the existing AoT 1445 (expired), and will disturb approximately 15,000 square feet.

### NOTICE OF DECISION - APPROVAL GRANTED WITH CONDITIONS:

On July 22, 2020, the Planning Board **GRANTED** the **Application for Modification of the Site Plan Review** approval for "The Pines at Forest Ridge" with the **FOLLOWING CONDITIONS:**

- **The Owner/Applicant shall provide bonding which is payable to the Town for all on-site improvements (i.e., the construction, drainage and associated site work), in order to ensure that the Owner/Applicant will complete all site work in accordance with the plans.** In the event the bond is called by the Town, the Planning Board shall schedule and hold a public hearing to consider revocation of the Site Plan Approval per RSA 676:4-a. No further work may proceed on site, and no further Land Use Authorization Permits shall issue without Planning Board approval in the event the bond is called and the above-referenced revocation proceedings are initiated. The amount of the bond shall be based on the Owner/Applicant's engineer's estimate of construction costs for the project which includes a 15% contingency, which equals a total of $82,167.00. The applicant can request release of the bond once all conditions have been met from the Planning Board. The bond shall be released at the discretion of the Planning Board after a public hearing.

- **A maintenance bond of $35,000 shall be provided.** Once the detention ponds have been constructed in accordance with the approved plans, the maintenance and operation of the ponds and associated stormwater management features shall be the responsibility of The Pines at Forest Ridge Condominium Association ("The Pines CA"). See letter from Richard K. Elliott, President of the Pines CA, to Carole Bont and the Lincoln Planning Board dated July 6, 2020. Maintenance and operations shall be in accordance with the approved Stormwater Inspection and Maintenance Manual for The Pines at Forest Ridge ("Inspection and Maintenance Manual"). In the event that The Pines CA lacks proper authority to take on the responsibility and exercise the power necessary to maintain and operate the ponds; then, unless and until such time as the Pines CA does have all necessary authority, the declarant ("MMC"), its successors or assigns shall be fully responsible for the maintenance and operation of the ponds. There shall be a bond so long as MCCC is responsible for the maintenance and operation of the ponds.

- **The project shall be completed by November 30, 2020**.

### Presentation:

Vice Chair Chenard stated that he visited the pond site several times over the past week though the Planning Board decided not to conduct an official site visit yet. Rick Elliot d/b/a Mount Coolidge Construction, LLC, updated the Board on the status of the ponds. He stated that he expected to have more work finished on the ponds area with the forebay and outfalls finished. However, with the flash flooding that occurred last week he is very pleased with how the forebay performed. Eight (8) pumps were running during that time and everything was contained within

the detention ponds area. Mr. Elliot stated that he is not asking for a release of the bond at this time as he would like to ensure that the Town is happy with the site prior to making said request. Attorney Malia clarified that at the last hearing a maintenance bond of $35,000 was required. Mr. Elliot also informed the Board that the homeowners association has now been turned over to the homeowners.

Alternate Paul Beaudin questioned whether Town Engineer Ray Korber had any input on the completeness of the ponds. Town Engineer Korber clarified that the deadline to complete the ponds was November 30th. He believes the ponds are well under way but would not consider them to be substantially complete yet. Further discussion regarding the ponds landscaping ensued. Mr. Elliot stated that his intention is to purchase and position sod now so that it will germinate in the early spring. Riprap and sod will be installed as appropriate down to the waterline. Town Engineer Korber asked if Mr. Elliot has a date in mind for substantial completion. Mr. Elliot stated it should be done by the end of next week. Town Manager Burbank brought up the steepness of the incline down to the ponds and is still concerned for life safety. Mr. Elliot stated that it looks worse now than what it will be. Additional sloping will be done which will create less of an incline.

The Board plans to conduct a site visit prior to the next hearing which they set for January 20, 2021.

**MOTION: "To move to the next item on the agenda (New Business) in hopes that Mr. Noseworthy will be able to join the meeting so that the cell tower application will have four board members presiding."**
**Motion: Paul Beaudin**      **Second: Tamra Ham**      **All in favor.**

---

**IV. NEW BUSINESS** (Staff and Planning Board Member/Alternates).

**CON 2020-04 M112 L018 & Lot 016 - Remedy Medical Properties, LLC (Littleton Regional Hospital) – Brenda, Benjamin & Jennifer Clark – Health Care Facility - Signage Conceptual**

**Conceptual Applicant(s):**

- New Hampshire Attorney Mark Beaudoin, Nixon Peabody, LLP, City Hall Plaza, 900 Elm St, Manchester, NH 03101 - Outside Local NH Counsel for Applicant Remedy Medical Properties, LLC, an affiliate of which is the potential fee owner/developer;

- Attorney Barbara Peloquin Associate In-House Counsel for Applicant Remedy Medical Properties, LLC, Remedy Medical Properties, Inc., 800 W Madison Street, Suite 400, Chicago, IL 60607;

- Dave Marin, Executive Vice President, Development for Remedy Medical Properties, Inc., 800 W Madison Street, Suite 400, Chicago, IL 60607;

- Darrell Philips, Land Development Manager, Design & Construction, Remedy Medical Properties, Inc., 800 W Madison Street, Suite 400, Chicago, IL 60607;
- Jeff Woodward, 38 Raven Lane, Franconia, NH 03580-0536, Vice Chair of the Board of Littleton Regional Healthcare; and
- Robert Nutter, President/CEO of Littleton Regional Hospital (which is the proposed main tenant of the new building to be constructed).

**Property 1:** **Tax Map 112, Lot 018** Railroad Street #LO (5.51 Acres)

Vacant lot in the General Use (GU) District – address of Railroad Street #LO (Map 112, Lot 018) to place the facility and some signage – currently used for temporary camper travel trailers.

**Property 2:** **Tax Map 112, Lot 016** Railroad Street #LO (0.83 Acres)

Vacant lot in the General Use (GU) District – address of Railroad Street #LO (Map 112, Lot 016) to place some signage – currently used for parking for Rodgers Ski and Sport retail shop.

**Property 1 & 2 Owners:**
Brenda Clark, Benjamin Clark, and Jennifer Clark
64 Railroad Street, (Train Station)
PO Box 9
Lincoln, NH 03251-0009

**Proposal:** Littleton Regional Healthcare (Littleton Regional Hospital) hired Remedy Medical Properties, Inc. out of Chicago, IL to help them develop a health care facility. "The group" wants to purchase a vacant lot (Railroad Street #LO (Map 112, Lot 018) from Brenda Clark (f/k/a Brenda Partridge), Benjamin Clark & Jennifer Clark. Remedy Medical Properties, LLC is the entity with the Purchase and Sale Agreement that will purchase the property, develop the property (i.e., get the permits and build the building on the property) and then lease the building to Littleton Regional Healthcare (Littleton Regional Hospital). Their primary concern before they submit an application to build the health care facility is whether Remedy Medical Properties, Inc can have signage that meets their marketing criteria. The conceptual pertains to the signage alone at this time.

**Presentation:**

Applicant's Attorney Mark Beaudoin began by introducing himself and all present on behalf of the conceptual application. Jeff Woodward, Vice Chairman of the Littleton Regional Hospital Board also introduced himself and Bob Nutter, President/CEO of Littleton Regional Hospital.

President/CEO of Littleton Regional Hospital Robert Nutter explained to the Board that a strategic meeting was held to look at the entire region to identify healthcare needs. He explained that Lincoln is as a key town identified as an area that could be underserved. The goal determined for these underserved areas being to cut healthcare costs and provide better access to healthcare closer to home. Services would include urgent care, primary care, surgical services, physical therapy, and laboratory imaging to name a few.

Vice Chair of the Board of Littleton Regional Healthcare Jeff Woodward explained that they do have a property under contract however the contract is on hold until the matter of signage has been worked out. The property they are looking to purchase does not have frontage on Main Street and thus signage needs to be addressed. Possible sign locations were presented to the Board.

Applicant's Attorney Mark Beaudoin said the applicant is currently working with NHDOT to see about installing a sign across the street from the entrance to the location which is in the NHDOT right-of-way. The NH DOT process is an involved process. They would also like to install a second sign on Ben Clark's property towards the back of the Roger's parking lot. The applicant is seeking the Board's input as to where they might recommend any additional signage.

Chairman Spanos stated that there is a means for the Planning Board to grant waivers to the Sign Ordinance once the Site Plan Review process has commenced. Planner Bont added that there is also the Integrated Sign Plan portion of the Ordinance which could be applicable and could be a more user-friendly process.

Vice Chair Chenard commented that the lower part of the McDonald's parking lot is in the Town of Woodstock and installing a sign there could be a much less stringent process although it is within five hundred feet (500') of the interstate so would need approval from the State.

Selectmen's Representative OJ Robinson referred to the part of the Town's Sign Ordinance which states that businesses located where an onsite sign would not be visible from main roads is allowed one offsite sign with a special exception granted by the ZBA.

Alternate Paul Beaudin replied that the applicant is seeking two (2) off premise signs.

Vice Chair of the Board of Littleton Regional Healthcare Jeff Woodward added that the NHDOT permits a 4 foot long by 9 inches high directional sign. OJ Robinson stated that he does not believe a NHDOT sign, once approved by NHDOT, has to comply with the Town's ordinance which may take care of the dilemma of whether the Planning Board could approve two off premise signs.

Applicant's Attorney Mark Beaudoin stated that the applicant would also like the Board's feedback on the proposed size, materials, look of the signs. He added that the sign on the Rodgers property will likely be lighted while the directional sign will not. Paul Beaudin stated that the only issue he can see is the lighting of the sign as there are residential properties nearby. He added that the applicant should take this into consideration. Attorney Beaudoin stated that this will be taken into consideration and the sign will not likely be lighted all the time but may be similar to an urgent care facility sign which is lighted for 12 hours.

Chairman Spanos stated that this is only a conceptual review but that the Board members did not have any further specific concerns at this time.

Attorney Beaudoin stated that it is the applicant's intent to apply to the ZBA for a special exception and questioned whether the Board sees any issue with the applicant submitting the site

plan to Planner Bont prior to the Planning Board's hearing for a special exception. Member Beaudin replied that the public/abutters do have the opportunity to comment as part of the ZBA hearing so he does not see it being an issue.

**B. CON 2020-15 M117 L120000-02-00018 – Muffy Copenhaver d/b/a RIGK, Inc. and d/b/a Gordi's Restaurant – Office Condominium – Deck for Outdoor Seating and Bathroom Addition**

Conceptual to add another bathroom to Gordi's Restaurant and a wraparound deck around a portion of the perimeter of Gordi's restaurant to accommodate outdoor seating to merge two adjacent lots, demolish two buildings and replace buildings with one proposed multi-use building will be submitted to the Planning Board. The deck will be slightly greater than 500 square feet in size. Would the Planning Board consider waiving Site Plan Review? Would they need a survey?

**Applicant:** Muffy Copenhaver representing RIGK Inc., PO Box 611, Lincoln, NH 03251-0611

**Property Owner:** RIGK Inc.
PO Box 611
Lincoln, NH 03251-0611

**Property:** 260 Main Street (Map 117, Lot 120000-02-00018) in the General Use (GU)
**District.**
Unit 18 Office Condominium in "The Depot Shopping Plaza" an Office Condominium in Building 2, and surrounding common land.

**Proposal:**

In response to the COVID-19 situation, Applicant proposes to add another bathroom to Gordi's Fish and Steak House Restaurant ("Gordi's") as well as a wraparound deck around a portion of the perimeter of Gordi's restaurant to accommodate outdoor seating on common land. The bathroom and deck as conceived would be slightly greater than 500 square feet in size, the threshold to trigger Site Plan Review. Would the Planning Board consider waiving Site Plan Review for the entire Depot as this particular "Office Condominium" is in a stand-alone building? Would they need a survey?

**Presentation:**

Muffy Copenhaver informed the Board that since speaking with Planner Bont, she realized that an additional restroom facility is not feasible. The only proposal before the Board this evening is the addition of a deck for outdoor seating on the southwest side of the building. The deck would be four hundred ninety square feet (490 SF). It would not utilize any parking spaces from the current parking lot but would be constructed in the common area which the Depot Condominium Association has granted approval for.

Planner Bont explained that when she was first approached with this project, the project was over five hundred square feet (500 SF) because the deck expansion also included a bathroom thus would have required Site Plan Review approval. However, now that the bathroom is being removed from the project, the expansion of the deck addition is less than five hundred square feet (500 SF), so she does not believe the applicant needs Site Plan Review approval from the Board for this project.

Muffy clarified that this would be a permanent addition and that expansion of the deck does not add to the capacity as they would close a station indoors to bring staff out to cover the deck seating. She explained that they do not have the staff to cover any additional capacity. Member Beaudin stated that it does in fact have the potential to increase the capacity down the road. Planner Bont stated that the project does not meet the criteria for requiring Site Plan Review and only needs a Land Use Authorization Permit.

**MOTION: "To pass over this matter as it is under five hundred square feet (500 SF) and does not meet the criteria for a Site Plan Review or a Waiver of Site Plan Review by the Planning Board."**

**Motion: Paul Beaudin**     **Second: OJ Robinson**     **All in favor**

### IV. CONTINUING AND OTHER BUSINESS (Staff and Planning Board Member/Alternates).

### C. SPR 2020-04 M102 L005 Greenside Ink – GMR Holdings of NH, LLC - Cell Tower

*Steve Noseworthy was present via telephone at this time. He had a presence on Zoom but was having technical issues and was not responding during the prior presentations. Chairman Spanos and Selectmen's Representative OJ Robinson recused themselves and Tamra Ham is seated as Selectmen's Representative.*

Application for Site Plan Review Approval for proposed 120-foot-high telecommunications cell tower under Land Use Plan Ordinance Article VI-A Telecommunications Equipment and Facilities has been filed by:

**Agent Attorney Jonathan Springer**
Springer Law Office, PLLC
118 Maplewood Avenue - Suite C-3
Portsmouth, N.H. 03801
on behalf of

**Applicant GMR Holdings of NH, LLC**
702 Riverwood Drive
Pembroke, NH 03275

**Property Owner Donald Landry d/b/a Greenside Ink, LLC**
PO Box 953
Lincoln, NH 03251-0953

**Property:**

749 US Route 3, Lincoln, NH (Map 102, Lot 005). General Use (GU) Zoning District

**Proposed Project:**

In addition to Site Plan Review approval, applicant is seeking a Conditional Use Permit pursuant to Article IV-A, Section F (4) to increase the allowed height of 100 feet to 120 feet.
The Applicant is also seeking the following waivers:

1. From Article VI-4, Section H (4)(a)(i), which states that "Towers shall be located within the tower lot as to provide a fall zone free of any structures equal to 125% of the height of the tower."

2. From Site Plan Review Regulation Article XIV (23)(d), which requires engineering calculations used to determine drainage requirements.

3. From Article VI-A, Section J (as a condition of acceptance only; the Planning Board shall require the applicant to post adequate surety for the costs of maintenance, remit repair or removal thereof. The amount informed of the surety shall be determined by the Planning Board.)

As a proposed Development of Regional Impact, notice is to **NH Towns & unincorporated places** within 20 miles of Lincoln: Albany, Ashland, Bartlett, Bath, Beans Grant, Beans Purchase, Benton, Berlin, Bethlehem, Campton, Carroll, Center Harbor, Chandlers Purchase, Chatham, Conway, Crawfords Purchase, Cutts Grant, Dalton, Dorchester, Easton, Eaton, Ellsworth, Franconia, Gorham, Greens Grant, Groton, Hadleys Purchase, Hales Location, Hart's Location, Haverhill, Holderness, Jackson, Jefferson, Kilkenny, Lancaster, Landaff, Lisbon, Littleton, Livermore, Low & Burbanks, Lyman, Madison, Martins Location, Monroe, Moultonborough, Orford, Ossipee, Piermont, Pinkham's Grant, Plymouth, Randolf, Rumney, Sandwich, Sargents Purchase, Shelburne, Sugar Hill, Tamworth, Thompson & Meserve, Thornton, Warren, Waterville Valley, Wentworth, Whitefield & Woodstock.
**VT Towns** within 20 miles of Lincoln include: Barnet, Bradford, Concord, Fairlee, Lunenburg, Newbury, Ryegate, and Waterford.

The first meeting was held on October 14, 2020. The "Balloon Test" to evaluate the impact of the proposed height of the tower was held on October 31, 2020. The October 14, 2020 meeting was a continued to Wednesday, November 11, 2020 at 6:00 PM.

**MOTION: "To open a public hearing for GMR Holdings of NH, LLC."**
**Motion: Paul Beaudin          Second: Tamra Ham          All in favor**

**Presentation:**

Applicant's Attorney John Springer introduced the team present on behalf of the applicant GMR Holdings of NH, LLC. He briefly reviewed the conditional use permit and review criteria.

Both the Town's and the applicant's consultants agree that the proposed cell tower will fill the coverage gaps on I-93 and the US Route 3 areas.

Applicant's Attorney Springer clarified that any noise from the generator will be very minimal.

Applicant's Attorney Springer said as far as concerns with protecting the surrounding trees, the applicant has spoken to the landlord to extend the lease area to protect the larger trees on the small knoll. This extended area will be a "no cut area" and is actually included in the written lease document. The signed lease amendment will be submitted to the Board and can be revised by the Town's attorney if deemed necessary. Planting additional trees at the top of the retaining wall no longer seems necessary with this additional treed/leased area.

Applicant's Attorney Springer said the fall zone area is also outlined on the revised plans. Attorney Springer presented a stamped letter from Valmont Structures' engineer showing that any failure in the pole would only be a buckle or bend in the pole at the 75-foot mark. The pole is designed to do so and would not fall over because of wind speed, etc.

Applicant's Attorney Springer addressed comments submitted by the public at the last hearing. A written submission was given to the Planning Board responding to said comments and is attached to the minutes. Attorney Springer explained that this is the second location of an AT&T pole in the Town of Lincoln. The first tower location is at 33 Brookline Road. What is being proposed is in line with how a carrier typically expands its network in rural locations.

Member Paul Beaudin said he disagreed with the fall zone analysis. He stated that no one can ever address every weather event and make a guarantee on the pole will hold up, however, this pole is very close to a building. Applicant's Attorney Springer replied that during storm events, the cell towers are the only things left not damaged and that there has not been one in NH that has failed to date. Applicant's Consultant and President of Wellman Associates, Inc., Peter Cooke stated that the applicant has provided exactly what the Town has asked for which is engineered plans and a stamped letter from an engineer. There was an extended discussion on the fall zone between Member Beaudin and Peter Cooke. Member Beaudin made it clear that this tower goes against everything he would like to see public safety wise.

Applicant and President of Green Mountain Communications, Inc., parent company of GMR Holdings Victor R Drouin, stated that his company does a lot of construction and has built 8-9 towers at brand new public safety buildings all over the Northeast. All of these towers are designed in a way that they are not going to fail. He explained that the proposed tower will have 9-12 anchor bolts in it and it would take someone plucking the bolts from hundreds of pounds of concrete and rebar out of the ground that supports this tower to cause the tower to fail. The bolts are way over designed. Their worst site weatherwise are the towers on Mt Washington yet they manage those and any real damage to the towers is from the wind picking up surrounding matter which damages the plastic on the towers.

Member Paul Beaudin said he would like to see the inspection and maintenance plan for the tower. He also questioned whether the Town would incur additional liability by permitting this special exception. Applicant Drouin stated that the biggest maintenance issue has been tampering with the towers thus video surveillance has been added. Annual maintenance is also done on the sites. AT&T has FCC requirements for maintenance logs. Their technicians usually

Lincoln 1408

visit the sites on a monthly basis. Attorney Malia stated that the Town is not opening itself up to additional liability by permitting the use.

Member Steve Noseworthy stated that all of the other towers that are one hundred feet (100') high are working. He does not see memorializing Franconia Notch ("The Notch") with a one hundred twenty foot (120') high pole. He does not see why the additional height is needed. Applicant's Attorney Springer explained the request for the additional twenty feet (20') and how that relates to the surrounding landscape. Member Noseworthy stated that this is the wrong location for the pole. Applicant's Attorney Springer replied that this cell tower is a permitted use under the Town's zoning ordinance.

Selectmen's Representative Tamra Ham said she would rather see the tower built as proposed then see them move the cell tower twenty feet (20') up on the knoll with a one-hundred-foot (100') tower and cut down all of the surrounding trees. If they build as proposed at one hundred twenty feet (120') high, the trees will be saved and will serve to screen the pole. She reiterated that this is a permitted use and she would rather see the cell tower built as proposed.

Applicant's Attorney Springer continued to go through the criteria and three waiver requests.

**MOTION: "To open the hearing to public comment."**
**Motion: Paul Beaudin         Second: Steve Noseworthy        All in favor.**

Fire Chief Beard stated that he thought that, the property owner of Greenside Ink, LLC, (Don Landry) may have signed a waiver of any legal responsibility against the Applicant if the tower falls on his building. He asked Town Attorney Peter Malia whether the property owner could sign a waiver of legal liability, legally, on behalf of any of his tenants who are renting the Greenside Ink, LLC building. Attorney Malia replied that he cannot speak for the tenants but that this is not a liability involving the Town of Lincoln. Applicant's Attorney Springer clarified that the property owner signed Exhibit 11 which is a consent to the fall zone and tower height waiver requests which is what Chief Beard could be referring to.

Resident OJ Robinson made two points. First, speaking on behalf of The Whale's Tale, he stated that there is no effect on the view from Whale's Tale at any location. Resident OJ Robinson's personal thoughts on the applicant's findings on the fall zone is 100% in line with what Whale's Tale's potential [telecommunications tower] vendor's discoveries on the technical fall zone were. Further, he added that virtually no other town includes the host property in the fall zone and that the fall zone requirement is typically there to protect abutters that are in the fall zone unwillingly. He stated that a tower does not fall over and that the Town has to be realistic when assessing risk. If there is enough wind to bend a tower, all of the trees, blowing debris, etc., would pose a much greater risk to the people around them.

**MOTION: "To close the hearing to public comment."**
**Motion: Paul Beaudin         Second: Tamra Ham        All in favor.**

Town Attorney Malia suggested that the Board continue this meeting until the January 20, 2021 meeting in order to meet the Federal Telecommunications Act criteria that the Town make a

decision on this matter within 150 days. He also suggested the Board schedule a legal consultation with him to discuss any legal matters (Federal & State Statutes in relation to the local ordinance) relevant to this application.

**MOTION: "To continue the hearing until January 6, 2021."**
**Motion: Tamra Ham**     **Second: Paul Beaudin**     **All in favor.**

### V. ADJOURNMENT

**MOTION: "To adjourn the meeting at 8:40pm."**
**Motion: Paul Beaudin**     **Second: Tamra Ham**     **All in favor**

Respectfully submitted,

*Brook Rose*

Recording Secretary

Date Approved: January 6, 2021

James Spanos, Chairman